IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | CRIMINAL ACTION NO. |
| | : | |
| vs. | : | 1:05-CR-477-CC-1 |
| | : | |
| JAVIER ALVAREZ-LOPEZ, | : | |
| | : | |
| Defendant. | : | |

## OPINION AND ORDER

This matter is before the Court on Defendant Javier Alvarez-Lopez's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "Motion for Compassionate Release") [Doc. 1779], the Government's Opposition to Defendant's Motion for Compassionate Release [Doc. 1792], and the Reply to the Government's Opposition to Mr. Alvarez's Motion for Compassionate Release [Doc. 1793]. After carefully reviewing the parties' filings, the record in this case, and the applicable law, the Court hereby **GRANTS** the Motion for Compassionate Release.

## I.   BACKGROUND

On October 12, 2005, a federal grand jury sitting in the Northern District of Georgia returned a First Superseding Indictment charging Defendant Javier Alvarez-Lopez and approximately twenty others with nine offenses related to a conspiracy to traffic various controlled substances.  (Doc. 140; PSR ¶ 1, 2.)  On April 27, 2006,

Alvarez-Lopez entered a negotiated plea of guilty as to Count One of the Indictment in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 as well as Count Nine in violation of 18 U.S.C. § 1956(h) under a plea agreement.  (Docs. 551 and 552.)  Specifically, Count One charged a conspiracy to possess with intent to distribute controlled substances during a seven-month period in 2005.  (Doc. 140.)  Count Nine charged participation in a conspiracy to transfer the proceeds of illegal activity to Mexico during the same seven-month period.  (Id.)

On September 18, 2008, the Court held a sentencing hearing.  (Doc. 1166.)  At sentencing, Alvarez-Lopez was held responsible for at least 379 kilograms of cocaine hydrochloride, 4 kilograms of heroin, 14 pounds of methamphetamine, 375 pounds of marijuana, and 15,000 tablets of pseudo-ephedrine (used to manufacture methamphetamine).  (PSR ¶ 22.)  Pursuant to the Drug Conversion Table of the U.S.S.G. § 2D1.1, the substances were converted to marijuana, for a total converted weight of 93,420.687 kilograms of marijuana.  (PSR ¶ 98.)  This resulted in a base level offense of 38.  (Id.)  An additional two levels were added since Alvarez-Lopez was convicted under 18 U.S.C. § 1956.  (PSR ¶ 100.)  The offense level was increased by four levels for Alvarez-Lopez's aggravating role as the leader of the conspiracy.  (PSR ¶ 102).  After a three-level downward adjustment for his early acceptance of responsibility, the total offense level was 41. (PSR ¶¶ 105, 106.)

Alvarez-Lopez's previous two convictions, which included federal charges for conspiracy to commit structured transactions and possession of currency in furtherance of criminal activity for which he received four years' incarceration, resulted in zero criminal history points.  (PSR ¶¶ 109, 110.)  The Court calculated Alvarez-Lopez's criminal history to fall within category I.  (PSR ¶ 111.)  The resulting guideline range was 324-405 months.  (PSR § D.)  The Court sentenced Alvarez-Lopez to 324 months' imprisonment, the low end of the guidelines range, followed by five years of supervised release.  (Doc. 1166.)

Alvarez-Lopez, a Mexican national, is now 67 years old.  He is incarcerated at Giles W. Dalby Correctional Institution in Post, Texas.  See Bureau of Prisons ("BOP") Inmate Locator, available at https://www.bop.gov/inmateloc (last visited March 12, 2021). Alvarez-Lopez has been in custody for over 15 years since his arrest on October 12, 2005, which means he has already served more than 66% of the sentence imposed by the Court.  Assuming Alvarez-Lopez receives all the "good time" credit he could possibly earn, his release date would be October 13, 2028.  Id.

In the pending Motion for Compassionate Release, Alvarez-Lopez seeks compassionate release due to his chronic medical conditions and his vulnerability to COVID-19 illness and death.  The Government opposes the Motion for Compassionate Release, arguing that Alvarez-Lopez lacks a clear plan to avoid COVID-19 following his release and arguing further that reducing Alvarez-Lopez's

sentence to time served would not be consistent with the statutory sentencing factors set forth in 18 U.S.C. § 3553(a).

## II.    DISCUSSION

Ordinarily, district courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."  United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010).  Specifically, 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, sets forth the limited circumstances in which a district court may reduce or otherwise modify a term of imprisonment after it has been imposed. Section 3582(c)(1)(A) states:

> (c) **Modification of an imposed term of imprisonment.**— The court may not modify a term of imprisonment once it has been imposed except that— (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction....
>
> ....

and that such a reduction is consistent with applicable policy statements
issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i).

In order to grant Alvarez-Lopez's request pursuant to § 3582(c)(1)(A), the Court

must:

> (1) find that defendant has exhausted his administrative remedies
> with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude
> that extraordinary and compelling reasons warrant compassionate
> release in this case; and (4) determine that defendant is not a danger
> to the community.

18 U.S.C. § 3582(c)(1)(A); U.S. Sent'g Guidelines Manual § 1B1.13(2).   Moreover,

Alvarez-Lopez bears the burden of establishing that compassionate release is

warranted.  See United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).  Even

where a defendant satisfies this burden, "the district court still retains discretion to

determine whether a sentence reduction is warranted."  Id.

In this case, the Court first finds that Alvarez-Lopez has exhausted his

administrative remedies with the BOP.  In this regard, Alvarez-Lopez filed an

administrate request for compassionate release, which was not granted.  The Federal

Defender Program sent a follow-up request on Alvarez-Lopez's behalf on October 14,

2020, but the BOP has not granted that request.  Hence, Alvarez-Lopez has exhausted

his administrative remedies.  18 U.S.C. § 3582(c)(1)(A).  The Court thus proceeds to

address the merits of the Motion for Compassionate Release.

The Court considers whether extraordinary and compelling reasons warrant compassionate release in this case.  The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including, for example: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1).  "The age of the defendant may constitute an extraordinary and compelling reason for a sentence reduction if he is at least 65 years old, has served at least the lesser of 10 years or 75 percent of his sentence, and 'is experiencing a serious deterioration in physical or mental health because of the aging process.'" United States v. Bueno-Sierra, No. 20-12017, 2021 WL 91353 (11th Cir. Mar. 10, 2021) (quoting U.S.S.G. § 1B1.13, comment. (n.1(B))).  A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. USSG § 1B1.13, comment. (n.1(D)).

The Government concedes that, due to one medical condition and his age, Alvarez-Lopez faces an increased risk of severe illness from COVID-19.  The record reflects that even the prison notified Alvarez-Lopez that he was in a high-risk category for severe illness from COVID-19.  At age 67, Alvarez-Lopez is clearly in the

category of "older adults," whom the CDC has cautioned are at increased risk of severe illness from COVID-19.  The Government does not dispute this.  Additionally, Alvarez-Lopez suffers from type 2 diabetes mellitus, hypertension, hyperlipidemia, and being overweight.  While the Government agrees that, according to the CDC, type 2 diabetes mellitus places Alvarez-Lopez at increased risk for severe illness from the virus that causes COVID-19, the Government argues that hypertension and being overweight are common conditions that only "might" put Alvarez-Lopez at an increased risk of severe illness.  The Government is correct in all respects.  See People with Certain Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 12, 2021).  The Government further argues that hyperlipidemia is not a condition that the CDC lists as increasing, or that even might increase, one's risk of severe illness from COVID-19.   Again, the Government is correct.  Still, it is undisputed that Alvarez-Lopez has two conditions that make him high-risk for severe illness from COVID-19 – his diabetes and his age – and, as the Government states, his age cannot be treated away.  Moreover, even as to those medical conditions that do not clearly make him high-risk for severe illness, the Court finds that the combination of the conditions, considered together with Alvarez-Lopez's age, make him particularly vulnerable to COVID-19 illness and death, especially in a prison setting, where Alvarez-Lopez has little ability to practice

social distancing and to otherwise protect himself from being exposed to COVID-19. In sum, the Government acknowledges that Alvarez-Lopez has established "extraordinary and compelling reasons" under the compassionate release statute, and the Court agrees with that conclusion.

Notwithstanding the foregoing, the Government mentions that Alvarez-Lopez lacks a clear plan to avoid COVID-19 after his release and states that this tends to vitiate the notion that he is more likely to contract COVID-19 while incarcerated than if released. The Court disagrees. Recognizing that he is likely to be deported to Mexico, if granted compassionate release, Alvarez-Lopez offers that he has family members who stand ready to care for him and assist him with his daily needs. Moreover, Alvarez-Lopez's counsel represents that his family members have continued to check in with counsel and have assured counsel that they have plans to care for Alvarez-Lopez. The Court easily finds that Alvarez-Lopez will be safer in a home environment with his family than he is in a prison environment where social distancing is much more difficult and where Alvarez-Lopez is almost powerless to mitigate risk.

While Alvarez-Lopez has met his burden of showing extraordinary and compelling reasons that warrant compassionate release, the Court still must consider the applicable sentencing factors under 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Under § 3553(a), a district court's sentence must be sufficient, but not greater than

necessary, to achieve the goals of sentencing, which are the following: (1) reflecting the seriousness of the offense, (2) promoting respect for the law, (3) providing just punishment, (4) deterring future criminal conduct, (5) protecting the public, and (6) providing the defendant with any needed training or treatment.  18 U.S.C. § 3553(a). The district court must consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences for defendants with similar records, and the need to provide restitution to any victims.  Id.  The weight given to any of the § 3553(a) factors is committed to the district court's sound discretion.  United States v. Croteau, 819 F.3d 1293, 1309 (11th Cir. 2016).

Here, the balance of the factors supports a reduction in Alvarez-Lopez's sentence.  The Court has considered and weighed all of the pertinent factors set forth above.  The most critical considerations, in the Court's opinion, are set forth below.

The Court first considers the history and characteristics of Alvarez-Lopez. Prior to the convictions for which Alvarez-Lopez is presently incarcerated, Alvarez-Lopez had convictions for conspiracy to commit structured transactions and possession of currency in furtherance of criminal activity, which were almost two decades old by the time of the current case.  Alvarez-Lopez spent four years in prison for those prior convictions and eventually continued drug-trafficking activity upon

his release.  Additionally, the presentence report in this case reflects that a much younger Alvarez-Lopez illegally entered the United States in the 1980s and was deported after serving his first federal sentence in 1989.  (PSR ¶ 124.)  Yet, he returned.  (Id.)  Balanced against this history, which is many decades old, Alvarez-Lopez is now a 67-year-old man with serious medical conditions who has been incarcerated for a substantial amount of time.  These factors are now also a part of his history and characteristics.   All things considered, the Court finds that the history and characteristics of Alvarez-Lopez do not weigh heavily for or against a reduction of his sentence.

The Court next considers the nature and circumstances of Alvarez-Lopez's offenses and the need for the sentence imposed to achieve the goals of sentencing. Alvarez-Lopez managed a large-scale drug trafficking organization that transported over 100 kilograms of cocaine each week into the United States from Mexico.  Alvarez-Lopez was responsible for directing the activities of the approximately thirty other members of the conspiracy.  Alvarez-Lopez's offenses certainly were serious, but all the offenses were nonviolent.  Moreover, Alvarez-Lopez pled guilty to the offenses and cooperated.  While the magnitude of Alvarez-Lopez's conduct warranted the sentence he received, that conduct does not warrant the risk of severe illness or death to which Alvarez-Lopez is presently exposed in prison, especially since he has already been incarcerated over 15 years for his conduct.  Taking into account good time credit,

Alvarez-Lopez has served over 66% of the imposed sentence.  The Court believes that a reduced sentence for Alvarez-Lopez would still reflect the seriousness of his crimes, promote respect for the law, provide just punishment for his offenses, and deter others from committing similar offenses.

The Court also considers that all other defendants who were involved in the drug conspiracy have now been released from custody, except two others.  One of those two is expected to be released in 2022, and the other is serving a mandatory life sentence, as he went to trial and was subject to two enhancements under 21 U.S.C § 851.   Reducing Alvarez-Lopez's sentence to time served would not create an unwarranted sentencing disparity.

Finally and significantly, the Court finds that there is no continued need to protect the community from Alvarez-Lopez, as Alvarez-Lopez likely poses no danger.  He is now 67 years of age, suffers from several serious health challenges, and has been in custody for more than 15 years.  There has been no mention of Alvarez-Lopez's involvement in any disciplinary incidents while incarcerated.  To the extent that Alvarez-Lopez is not deported upon release from custody, he will be on supervised release for five years under the watchful eye of the United States Probation Office.  This certainly will help to safeguard the community.  Therefore, the Court finds that Alvarez-Lopez's recidivism risk is low, and the Court has no reason to believe that Alvarez-Lopez is a danger to the community.

## III.    CONCLUSION

Based on the foregoing, Alvarez-Lopez's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 1779] is **GRANTED**.  The Court hereby **REDUCES** Defendant's sentence to **TIME SERVED**.  Alvarez-Lopez shall be remanded to the custody of the U.S. Marshal Service for surrender to an authorized Bureau of Immigration and Customs Enforcement official for deportation proceedings in accordance with the Immigration and Nationality Act.  Assuming he avoids deportation, Alvarez-Lopez shall begin to serve his originally imposed five-year term of supervised release, as set forth in his judgment.

Additionally, it is **ORDERED** that, if Alvarez-Lopez avoids deportation, the Bureau of Prisons shall release Alvarez-Lopez from its custody after a fourteen-day period and medical clearance to minimize the possibility of any spread of COVID-19.

SO ORDERED this 12th day of March, 2021.

s/  _CLARENCE COOPER_
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE